(20 App. Div. 466.)

## McCLURE v. TRASK.

(Supreme Court, Appellate Division, First Department.   August 4, 1897.)

MONEY HAD AND RECEIVED—WHEN ACTION LIES.

An action for money had and received cannot be maintained by a corporation to recover a sum paid to defendant by a former director, who received the same as a bribe for corruptly resigning his office, and turning over control of the corporation to the purchaser.

Action by David McClure, as receiver of the Life Union, against Wayland Trask, for money had and received.  A verdict was directed in favor of plaintiff, and defendant moves for a new trial upon exceptions ordered to be heard in the first instance in the appellate division. Granted.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

David McClure, in pro. per.

H. D. Hotchkiss, for defendant.

RUMSEY, J.   During the year 1891, and for some time before then, the Life Union was a life insurance corporation organized under the laws of the state of New York upon the assessment or co-operative plan.   Early in the year 1891 a project was devised by the directors of the corporation of buying the membership of the Flour City Life Association for the sum of $40,000.   To raise a portion of that sum it was resolved by the board of directors to issue the notes of the Life Union in sums of $1,000 each to the amount of $35,000, and sell those notes to such persons as should subscribe for them.   The notes were accordingly made on the 13th day of April, 1891.   Eleven of them were sold to different persons, and the defendant here became the purchaser of one note.   These notes were not valid, and those who purchased them were in danger of losing their money, because they had no remedy against the Life Union upon them.   It does not appear that the defendant knew of the invalidity of the note at the time when it was issued or when he purchased it.   At the time of the date of the notes the defendant had no official connection with the Life Union, so far as appears, but he became a director on the 17th of April, 1891. He held that position until the 26th day of September, 1891, when he tendered his resignation, to take effect on the 1st of October, and after that time he appears to have had no further connection in any way with the affairs of the corporation.   The transaction for the purchase of the Flour City Life Association dragged along during the summer of 1891, and about the time of the defendant's resignation it apparently fell through, because one of the last acts of the defendant as director seems to have been the proposing of a resolution directing steps to be taken to recover back the money paid to the representatives of the Flour City Life Association for the purchase of that association. Whether anything was done under that resolution does not appear, nor is it of importance.   Some months after the resignation of the defendant, other persons then in the directorship took steps to sell the control of the Life Union to certain persons who desired to obtain it, and

several contracts were made to the effect that for the sum of $15,000 to be paid to one of these directors, he would procure the control of the corporation to be transferred to the would-be purchaser, and that a majority of the directors should resign from time to time, and the creatures of the purchaser be chosen as directors in their places, so that he, having control of the majority of the board, might work his will upon the funds of the corporation, and without any interference from the persons who had formerly been directors. This contract, which was first made on the 28th of December, 1891, was finally completed in the month of May, 1892. The control of the corporation was passed over to the purchaser, and the money was paid by him. After that, and presumably out of the funds paid to this director for the purchase of this corporation, the defendant received from him the amount of his note against the Life Union, with interest, and he delivered the note to the director who had sold out the company. The company, which had been flourishing down to the time of this transaction, soon became insolvent, and in the month of November afterwards the plaintiff was appointed receiver. He thereupon brought this action, seeking to recover of the defendant the amount which he had received in payment of his note of the Life Union from the defaulting director who sold out the control of the corporation. The action is for money had and received, and the theory upon which it is brought is that the company had the right to regard the money received by the director for the control of the corporation as its money, and to follow it into the hands of any person who received it. It is based upon the idea that the corporation might adopt the transaction, and consider the money paid to complete it as a fund belonging to the corporation, and require all persons sharing in that fund to account to the corporation for the portion which they received. There is no other theory upon which the action can be maintained against this defendant. He was not an officer of the corporation at the time when this transaction took place, and there is nothing in the evidence to warrant holding as a conclusion of law that he was aware of what was being done, or that he took any part in this fraudulent bargain by which the company was to be delivered over to those who could plunder it of its assets. He must be regarded, therefore, upon this motion, as a person who had honestly received the money which was paid to him upon the note of the Life Union, and he can only be held liable upon the theory advanced by the plaintiff that the money he received was money which in right and justice belonged to the corporation, and to which he had no claim. We have examined the nature of this transaction in the case of McClure v. Law (decided at this term) 47 N. Y. Supp. 84, and we have concluded that the money received by Law as a consideration for turning over the control of the Life Union to the purchaser was not money of the corporation, and could not in any way be regarded as such, and that the corporation had no remedy against the person receiving the money in an action for money had and received, but its only remedy was by an action to recover damages as the result of the fraud practiced upon it by the directors. The determination of that case disposes of this action, and it is unnecessary to repeat the reasoning by which that result was reached. Adopting that result, as

we must, the necessary conclusion is that the facts shown upon the trial here did not give to the plaintiff any right to relief against the defendant, and that the exception by the defendant to the direction of a verdict must be sustained, and a new trial ordered, with costs to the defendant to abide the event of the action. All concur.